IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE R. D'ARRIGO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 05-5394 |
| JOANNE B. BARNHART,<br>Commissioner of the<br>Social Security Administration, | : | |
| Defendant. | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                      **AUGUST 23, 2006**

Stephanie D'Arrigo ("D'Arrigo") brought this action under 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). D'Arrigo claims she is disabled as a result of her breast cancer and mental impairments.

The parties filed Cross-Motions for Summary Judgment which were referred to United States Magistrate Judge Jacob P. Hart for a report and recommendation. Magistrate Judge Hart recommended that D'Arrigo's motion be granted in part and that the matter be remanded for consideration of her claimed mental impairment only. Both parties filed Objections to the Report and Recommendation. For the reasons stated below, the Commissioner's Objections to the Report and Recommendation shall be sustained, the Report and Recommendation is rejected in part and adopted in part, and the Commissioner's Motion for Summary Judgment is granted.

I.     BACKGROUND

The background is set forth in detail in Magistrate Judge Hart's Report and Recommendation dated June 23, 2006, and will be repeated in this Memorandum only where it is necessary to address the issues presented.  D'Arrigo was 46-years-old at the time of the Administrative Law Judge's ("ALJ") decision on April 19, 2004.[1]  D'Arrigo has a high school education and attended one year of business school.  She worked for over 20 years as an executive secretary for an insurance company, and later performed clerical work at a county courthouse.

On April 16, 2003, D'Arrigo underwent a radical mastectomy on the left breast after being diagnosed with cancer.  She underwent several months of chemotherapy, interrupted by a few complications, and began the process of breast reconstruction.

On May 23, 2003, D'Arrigo applied for benefits.  Her application was denied.  She then filed a request for a de novo hearing before an ALJ.  On April 26, 2004, D'Arrigo appeared at the hearing without counsel.  On April 19, 2004, the ALJ found that D'Arrigo suffers from status-post breast cancer with left radical mastectomy and residual effects of cancer, but that her impairments do not prevent her from performing her past relevant work.  The ALJ, therefore, denied D'Arrigo's claim at Step Four of the sequential evaluation.  The Appeals Council denied D'Arrigo's request for review.  D'Arrigo then retained counsel who submitted additional materials to the Appeals Council, however, the Appeals Council again denied her review.  The ALJ's decision is, therefore, the final decision of the Commissioner.

---

[1] Under the Commissioner's regulations, D'Arrigo is considered a "younger person." 20 C.F.R. § 404.1563.

II.     LEGAL STANDARDS

My role on judicial review of the Commissioner's decision is to determine whether it is supported by substantial evidence. Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is defined as "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Rutherford v. Barnhart, 399 F.3d 456, 552 (3d Cir. 2005). It represents "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003). I may not weigh the evidence or substitute my own conclusions for that of the ALJ, however, I must remain mindful that "leniency [should] be shown in establishing claimant's disability." Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002); Reefer, 326 F.3d at 379.

I may make a de novo determination of those portions of Magistrate Judge Hart's well reasoned Report and Recommendation to which the Commissioner's objections were made. 28 U.S.C. § 636(b)(1)(C). I may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

To prove that she is disabled, D'Arrigo must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[2] D'Arrigo would be considered unable to engage in any substantial gainful activity

---

[2] Regulation 20 C.F.R. § 404.1572 defines substantial gainful activity as follows: Substantial gainful activity is work activity that is both substantial and gainful: (a) Substantial work activity is work activity that involves doing significant physical or mental activities. Work may be substantial even if it is done on a part-time

"if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). The ALJ applied a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520 in determining that D'Arrigo was not disabled under the regulations. The five-step sequential evaluation process is:

> 1. If the claimant is doing substantial gainful activity, he is not disabled. If the claimant is found not to be engaged in substantial gainful activity, proceed to Step 2. 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. The claimant's impairment(s) must be "severe," meet the duration requirement in 20 C.F.R. §§ 404.1509, 416.909, and significantly limit his physical or mental ability to do basic work activities before a finding of disabled is directed. If the claimant has a severe impairment(s), proceed to Step 3. 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and the severe impairment(s) is listed in Appendix 1 of Subpart P of Part 404 of 20 C.F.R. or is equal to a listed impairment(s), the claimant is presumed disabled without further inquiry. 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains a residual functional capacity to do his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e).
>
> 5. The inquiry at this step is whether the claimant can do other work that exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Burley v. Barnhart, No. 04-4568, 2005 U.S. Dist. LEXIS 19803, at *9 n.6 (E.D. Pa. Sept. 9,

---

basis or if you do less, get paid less, or have less responsibility than when you worked before; (b) Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

2005).

## III. DISCUSSION

The ALJ found that D'Arrigo suffered from "the severe residual effects of breast cancer." (R. 41). The ALJ also found, however, that D'Arrigo's mental impairment did not constitute a severe impairment at Step 2. The ALJ found that D'Arrigo retained the residual functional capacity ("RFC") to perform light exertional work and that D'Arrigo's past relevant work did not require the performance of work in excess of her present capabilities. At Step 4, he found that D'Arrigo could return to her past relevant work and that she was not disabled.

In her motion for summary judgment, D'Arrigo argued that the Appeals Council erred in failing to remand the matter to the ALJ for consideration of the new evidence as to the recurrence of her cancer. She also maintained that the ALJ erred in finding that her mental impairment was not severe. Finally, D'Arrigo argued that the ALJ improperly evaluated her credibility.

In his report, Magistrate Judge Hart recommends that the Appeals Council did not err in denying to remand this case in order to consider evidence of D'Arrigo's cancer recurrence. I agree. Judge Hart also recommends that this case be remanded because the ALJ erred in finding that D'Arrigo's mental impairment was not severe at Step 2 of the sequential analysis. I disagree. Both parties filed objections to Judge Hart's Report and Recommendation.

I shall address the two issues that the parties raise in the cross-objections to Magistrate Judge Hart's Report and Recommendation. First, whether the ALJ failed to properly consider D'Arrigo's mental impairment in combination with her other claims at Step 2 of the five-step evaluation process. Second, whether the ALJ properly considered D'Arrigo's cancer at Step 3. Based on the following analysis, I find that the ALJ properly considered both D'Arrigo's mental

impairment in combination with her other claims and her cancer.

### A.  D'Arrigo's Mental Impairment

The Commissioner objects to Magistrate Judge Hart's recommendation that the ALJ erred in finding that D'Arrigo's alleged mental impairment was not severe.  I agree with the Commissioner's objection and reasoning.  Therefore, as explained below, I find that the ALJ properly analyzed and determined that D'Arrigo's depression was not a "severe" impairment at the second stage of the sequential analysis.

An impairment is severe if it "significantly limits [the individual's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  Basic work activities are "the abilities and aptitudes to do most jobs."  Id. § 404.1521(b).  A non-severe impairment is a "slight abnormality . . . which would have no more than a minimal effect on an individual's ability to work," irrespective of age, education or work experience.  Bowen v. Yuckert, 482 U.S. 137, 154 n.12 (1987).

This inquiry is a "de minimis screening device to dispose of groundless claims," id., and reasonable doubts must be resolved in favor of the claimant.  Newell v. Commissioner, 347 F.3d 541, 547 (3d Cir. 2003).  Only unsubstantiated or frivolous claims are normally denied at this early stage.  See, e.g., Kerins v. Commissioner, 2006 WL 861236 at *3 (3d Cir. Apr. 4, 2006) (schizophrenia claim deemed non-severe when claimant had no problems with daily living or public interaction, worked as an armed police officer, and earned good grades while taking 15 hours of college credits); Kirk v. Commissioner, 2006 WL 839026 at *2 n.3 (3d Cir. Mar. 31 2006) (self-serving anxiety claim deemed non-severe when no medical reports referenced such a condition); Ellis v. Barnhart, 2005 WL 425870 at *2 (E.D. Pa. Feb. 22, 2005) (Reed, J.)

(depression claim deemed non-severe based on single psychological evaluation, lack of treatment, continuously unremarkable medical reports, and admission of claimant that symptoms were controlled by medication).  Therefore, D'Arrigo's burden to prove that her impairment is severe is "not an exacting one."  McCrea v. Commissioner, 370 F.3d 357, 361 (3d Cir. 2004).

However, even though D'Arrigo has a low burden, the ALJ had substantial evidence to support the ALJ's finding that D'Arrigo's mental impairments did not significantly limit her ability to do basic work related activities.  As the Commissioner correctly points out, after D'Arrigo completed chemotherapy, she presented close to no evidence of mental impairments that would impose even a minimal impact on her ability to perform mental work-related activities.  The ALJ considered the record as a whole and articulated his rationale for the Step 2 finding by stating:

> The claimant alleged disability due to depression.  The treatment notes contain one notation that the claimant takes Buspar for depression which was prescribed by her treating physician Dr. Patton (Exhibit 15f).  Dr. Patton's treatment notes contain no indication of a diagnosis of psychopathology.  There is no medical evidence of symptoms from a mental impairment.  There is no diagnosis for a mental impairment.  There is no evidence of treatment, therapy or medication prescribed or suggested for a mental impairment.  There is no evidence that the claimant was ever referred to a mental health specialist for treatment of a mental impairment.  Based on all of the above and the record as a whole, I find the allegation of a mental impairment to be not severe.  Even a review of the B and C criteria reveals that the claimant doe not exhibit the severity of requirements contained here therein.

(Tr. 41).  This analysis is based on sufficient evidence of D'Arrigo's alleged mental impairments to properly reach a Step 2 determination.  The ALJ had a thorough record to examine to determine if D'Arrigo's mental impairment was severe.

Magistrate Judge Hart pointed out some evidence of a possible mental impairment and

concluded that this evidence was enough to pass the de minimus standard for determining a "severe" impairment. He also added that the ALJ had a duty to develop the evidentiary record further before making a final decision on whether her mental impairment was disabling. According to Magistrate Judge Hart, "[t]he extent to which D'Arrigo was limited by her mental impairment should have been discussed at the later stages of analysis."

To the contrary, examining whether D'Arrigo was limited by her impairment is necessary in determining whether the impairment was "severe." Under the regulations, an impairment is considered "severe" only if it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Thus, even though the inquiry is only a "de minimus screening device," D'Arrigo needed more than just evidence of an impairment for it to be considered "severe," but rather she also needed evidence of the impairment significantly limiting her ability to do basic work activities. Simply put, D'Arrigo presented no evidence that her alleged mental impairments imposed even a minimal impact on her ability to perform mental work-related activities set forth under the regulations.

### B. D'Arrigo's Cancer

D'Arrigo's objections to Magistrate Judge Hart's Report and Recommendation on the ground that her cancer meets or equals Listing 13.09C at Step 3 of the sequential evaluation. D'Arrigo is incorrect. The Listing of Impairments is a regulatory device used to streamline the decision-making process by identifying those claimants whose medical impairments are so severe that they would be found disabled regardless of their vocational background. Sullivan v. Zelbey, 493 U.S. 521, 532 (1990). The listing defines impairments that would prevent an adult, regardless of his age, education, or work experience, from performing "any" gainful activity, not

just "substantial" gainful activity. See 20 C.F.R. §§ 404.1525a, 416.925a (2004) (purpose of the listings is to describe impairments "severe enough to prevent a person from doing any gainful activity"). The listing was designed to operate as a presumption of disability making further inquiry unnecessary. Zebley, 493 U.S. at 532. To be found presumptively disabled, a claimant must satisfy the criteria under the Listing. Id. at 530. Here, the ALJ found that D'Arrigo was not entitled to the presumption of a disability and did not meet the requirements of listing 13.09 because there was "no evidence of inoperable carcinoma, inflammatory carcinoma, recurrent carcinoma, distant metastases, or sarcoma with metastases." (Tr. 42). As this finding was based on substantial evidence, I am unable to disagree with the ALJ's conclusion, or Magistrate Judge Hart's acceptance of the ALJ's conclusion, that D'Arrigo was not entitled to a remand for a more thorough Step 3 evaluation.

      In conclusion, the Commissioner's Objections to the Report and Recommendation are granted; the Report and Recommendation is rejected in part and adopted in part; and the Commissioner's Motion for Summary Judgment is granted.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE R. D'ARRIGO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No.  05-5394 |
| JOANNE B. BARNHART,<br>Commissioner of the<br>Social Security Administration, | : | |
| Defendant. | : | |

**ORDER**

     **AND NOW**, this   23rd  day of August 2006, upon consideration of the cross-motions for Summary Judgment, and after reviewing the Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated June 23, 2006, and Commissioner's Objections to the Report and Recommendation of Judge Hart, and Plaintiff's Response and Cross-Objections, for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

     1.  The Report and Recommendation (Doc. No. 12) of United States Magistrate Judge Jacob P. Hart dated June 23, 2006 is **ACCEPTED IN PART** and **REJECTED IN PART**;

     2.  The Commissioner's Objections (Doc. No. 13) to Judge Hart's Report and Recommendation are **GRANTED**;

     3.  Plaintiff Stephanie R. D'Arrigo's Cross-Objections (Doc. No. 14) to Judge Hart's Report and Recommendation are **DENIED**;

     4.  Plaintiff Stephanie R. Arrigo's Motion for Summary Judgment (Doc. No. 8) to Judge Hart's Report and Recommendation is **DENIED**;

5.  The Commissioner's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**.

                                                 BY THE COURT:


                                                 /s/ Robert F. Kelly
                                               Robert F. Kelly              Sr. J.

Case 2:05-cv-05394-RK   Document 15   Filed 08/23/06   Page 11 of 11